People v Ward (2018 NY Slip Op 03475)





People v Ward


2018 NY Slip Op 03475


Decided on May 15, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2018

Richter, J.P., Andrias, Webber, Gesmer, Moulton, JJ.


6552 5101/14

[*1]The People of the State of New York, Respondent,
v
Jesse Ward, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered January 21, 2016, convicting defendant, after a jury trial, of attempted assault in the first degree and assault in the second degree, and sentencing him to concurrent terms of five years, unanimously affirmed.
The court properly denied defendant's suppression motion. The police had, at least, reasonable suspicion to stop and pat down defendant. The officers had a radioed description of a person who had just committed an assault. When they arrived at the scene, an eyewitness directed them to an alley that the assailant had entered. On the street at the other end of the alley, the police immediately found defendant, who matched the description. Although the description was somewhat general, it was sufficient to justify the police actions because the spatial and temporal factors made it "highly unlikely that the suspect had departed and that . . . an innocent person of identical appearance coincidentally arrived on the scene" (People v Johnson, 63 AD3d 518, 518 [2009], lv denied 13 NY3d 797 [2009]).
During the frisk, an officer felt a hard object in defendant's jacket pocket. The officer properly removed the object, because he had reason to believe defendant had committed a violent crime and could be armed, and because defendant's clothing could have easily concealed a weapon. The officer did not have to be certain that the hard object was a weapon before removing it for further inspection (see People v Johnson, 22 AD3d 371 [1st Dept 2005], lv denied 6 NY3d 754 [2005]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 15, 2018
CLERK